# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TA'MEKA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 05-2316-KHV |
| MENLO EXPEDITE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

On July 22, 2005, plaintiff *pro se* filed this case against Menlo Expedite, alleging that it discriminated against her by failing to hire her based on her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. This matter comes before the Court on plaintiff's Motion for Default Judgment (Doc. #9) filed December 10, 2005.

Plaintiff seeks judgment in the amount of $10,000 in back pay, $3,000,000 for emotional distress and $3,000,000 for punitive damages. On February 17, 2006, the Court held a hearing and took the matter under advisement.

## Analysis

Defendant was served on November 11, 2005 and failed to answer or otherwise defend within the time prescribed by Rule 12, Fed. R. Civ. P. Accordingly, on December 20, 2005, the clerk entered default. Doc. #11. Because defendant is in default, the factual allegations of plaintiff's complaint are taken as true. The Court accepts as true plaintiff's allegations that defendant failed to hire her because of her race and grants judgment on this liability issue.

The Court must determine the amount and character of recovery. Rule 55(b)(2), Fed. R. Civ. P.,

provides that "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper." Under Title VII, a plaintiff may recover back pay, damages for emotional pain and suffering and punitive damages. See 42 U.S.C. §§ 1981 and 2000e-5. Title VII limits the amount that a Court may award, as follows:

> (3) Limitations
> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party--
>
> * * *
>
> > (D) in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

42 U.S.C. § 1981a(3).

Plaintiff testified that on February 17, 2005, she learned that defendant did not want her to return to her temporary job placement. Plaintiff began employment with another company on June 5, 2005. According to the Court's calculations, plaintiff remained unemployed for 15 weeks and one day (excluding the weekend). Plaintiff earned $10.50 per hour for 40 hours per week ($420/week) and worked 25 to 30 overtime hours each week ($472.50/week). Based on plaintiff's testimony, the Court finds that plaintiff is entitled to damages in the amount of $13,566 for back pay.

With respect to compensatory damages, plaintiff testified that defendant has more than 500 employees and that because defendant failed to hire her, she has lost her home and suffered from

depression and anxiety. The Court awards $75,000 in compensatory damages for emotional distress.

To recover punitive damages, plaintiff must show that defendant engaged in a discriminatory practice with malice or with reckless indifference to her statutory rights. 42 U.S.C. § 1981(b)(1). Malice or reckless indifference refers to the employer's knowledge that it may be acting in violation of federal law, not to the egregiousness of the employer's conduct. Deters v. Equifax Credit Info. Servs., Inc., 202 F.3d 1262, 1269 (10th Cir. 2000) (citing Kolstad v. Am. Dental Ass'n, 527 U.S. 526 (1999)). Plaintiff has not alleged facts or shown evidence (1) of malice or (2) that defendant acted with reckless indifference. Accordingly, the Court denies an award of punitive damages.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Default Judgment (Doc. #9) filed December 10, 2005, be and hereby is **SUSTAINED in part** and **DENIED in part**. The Court grants default judgment against defendant in the amount of $88,566. The Court denies plaintiff's request for punitive damages.

Dated this 22nd day of February, 2006, at Kansas City, Kansas.

                                                                        s/ Kathryn H. Vratil
                                                                       KATHRYN H. VRATIL
                                                                       United States District Judge