## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TA'MEKA BROWN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **Case No. 05-2316-KHV** |
| MENLO WORLDWIDE EXPEDITE, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

On July 22, 2005, plaintiff pro se filed suit against Menlo Worldwide Expedite!, alleging that it refused to hire her on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. (Doc. #1). This matter comes before the Court on UPS Supply Chain Solutions, Inc.'s Motion For Relief From Judgment (Doc. #16) filed April 27, 2006. On June 13, 2006, the Court held an evidentiary hearing and took the matter under advisement. For reasons set forth below, the Court sustains defendant's motion.

### Legal Standards

Relief under Rule 60(b) is extraordinary in nature and may be granted only in exceptional circumstances. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment. See Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th Cir. 1991). The rule sets forth six situations warranting such relief:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

1

> evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Here, defendant seeks relief under Rule 60(b)(4), Fed. R. Civ. P., because the judgment is void.

Rule 60(b)(4) allows the court to relieve a party from a final judgment if the judgment is void. "A judgment is not void merely because it is or may be erroneous." V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 224 (10th Cir. 1979). A judgment is void under Rule 60(b)(4) if the rendering court was powerless to enter it. Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000). This occurs "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." United States v. Buck, 281 F.3d 1336, 1344 (10th Cir. 2002) (quoting In re Four Seasons Secs. Laws Litig., 502 F.2d 834, 842 (10th Cir. 1974)). Unlike other Rule 60(b) motions, the court does not have discretion with respect to a motion for relief from a void judgment pursuant to Rule 60(b)(4); "[r]elief from a void judgment is mandatory." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam); see also V.T.A., Inc., 597 F.2d at 224 n.8; Howard v. Jenny's Country Kitchen, Inc., 223 F.R.D. 559, 563 (D. Kan. 2004). A default judgment is void when defendant was not properly served or plaintiff's attempted service did not comport with due process. If the court lacks personal jurisdiction over defendant, defendant is entitled to relief under Rule. 60(b)(4). Howard, 223 F.R.D. at 566.

**Factual Background**

Based on the record, affidavits and testimony at the evidentiary hearing on June 13, 2006, the Court makes the following findings of fact.

Plaintiff was a temporary worker for Apple One, Inc. In January of 2004, Apple One sent plaintiff to interview with defendant for a temporary position with the possibility of full-time employment after a period of probation. Defendant, however, never hired plaintiff as a permanent employee. On December 19, 2004, defendant merged with UPS Supply Chain Solutions, Inc., which became the surviving company. Before the merger, defendant's site manager was David Quinn; Scott Crosby and Kyra McDonald were human resources managers; Patty Harvey was a human resource specialist; and McDonald was her supervisor. Harvey Aff. ¶¶ 1-7. Defendant had (and still has) a resident agent, and that information appears on the website of the Kansas Secretary of State. Doc. #22.

Plaintiff first filed her complaint on July 22, 2005. Doc. #1. On October 6, 2005, plaintiff filed a motion for default judgment. Doc. #3. On November 8, 2005, the Court ordered plaintiff to obtain proper service by November 21, 2005. Doc. #4. Plaintiff called defendant's headquarters in Atlanta to ask whom she should serve, and talked to a person by the name of Carmen. Pl. Aff. ¶ 11. According to plaintiff, Carmen told her to serve anybody in defendant's human resources department. Pl. Aff. ¶ 12. On November 11, 2005, plaintiff used a process-server to serve the summons and complaint. Pl. Aff. ¶ 13. At the evidentiary hearing, plaintiff first testified that Carmen worked for Menlo Worldwide Expedite!; plaintiff later testified that Carmen actually worked for UPS Supply Chain Solutions, Inc. Plaintiff explicitly directed the process-server to serve Harvey, whom she understood to be the "person in charge," because Harvey had interviewed and hired her as a temporary employee and handled attendance and payroll

3

matters. Pl. Aff. ¶¶ 4,13-14. When Harvey received the summons and complaint, she gave them to her supervisor (McDonald). McDonald received the documents, thought that they pertained to plaintiff's E.E.O.C. claim, then filed them in plaintiff's personnel file without taking further action. Defendant had until December 1, 2005 to file an answer or otherwise defend. It did not do so, and on December 10, 2005, the clerk entered default. Doc. #11. The Court held an evidentiary hearing on damages on February 17, 2006, and on February 22, 2006, entered default judgment in the amount of $88,566. Doc. #14.

On April 27, 2006, defendant filed its Motion For Relief From Judgment (Doc. #16). Defendant provided Harvey's affidavit, which states that on November 11, 2005, she was not defendant's manager or person in charge, and that she was not authorized to receive service for defendant. Harvey Aff. ¶ 3.

**Analysis**

Defendant argues that the Court lacked personal jurisdiction to enter default judgment because plaintiff had not properly served defendant. Specifically, defendant argues that Harvey was not a managing agent or other person authorized to receive service on November 11, 2005. Plaintiff argues that service was proper because (1) Harvey was a manager or person in charge; (2) plaintiff substantially complied with the Kansas statute regarding service of process; and (3) defendant is estopped from claiming improper service.

**I.     Managing Agent Or Person In Charge**

Under Rule 4(h)(1), Fed. R. Civ. P., a domestic corporate defendant may be served in one of two ways. First, defendant may be served pursuant to the laws of the forum state. Id. (referencing Fed. R. Civ. P. 4(e)(1)). Second, defendant may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or

4

by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed. R. Civ. P. 4(h)(1); Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, 715 (10th Cir. 2005).

Under Kansas law, service on a corporate defendant, may be obtained

> (1) by serving an officer, manager, partner or a resident, managing or general agent, or (2) by leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof, or (3) by serving any agent authorized by appointment or required by law to receive service of process, and if the agent is one authorized by law to receive service and the law so requires, by also mailing a copy to the defendant. Service by return receipt delivery on an officer, partner or agent shall be addressed to such person at the person's usual place of business.

K.S.A. § 60-304(e).

Plaintiff contends that she properly served defendant by serving Harvey, whom she believed to be the person in charge. In Federal Betterment Co. v. Reeves, 73 Kan. 107, 84 P. 560, 562-63 (1906), the Kansas Supreme Court held that the term "managing agent" may be interpreted using factors like whether such managing agent is in charge and has the management of some department of the corporation's business, which requires the exercise of independent judgment and discretion; and whether the managing agent has authority to manage and conduct a particular department as his or her discretion and judgment direct. A "managing agent" must be "in the exclusive and immediate control and management of that department or of the entire works conducted at the place where he is in charge." Id. In determining what makes a person a "managing agent," the courts consider each case on its particular facts. Freeman v. Keltner, 175 Kan. 37, 259 P.2d 228, 235 (1953).

Here, the managing agent was David Quinn. In addition to defendant's resident agent, listed with

5

Kansas Secretary of State, plaintiff could have served McDonald, who managed defendant's human resources department on November 11, 2005. Defendant never employed Harvey as a manager, however, and never authorized her to receive service. Plaintiff's service upon Harvey clearly did not comply with K.S.A § 60-304(e).

## II.     Substantial Compliance

Plaintiff argues that service should be considered perfected under K.S.A. § 60-204. The statute states that "in any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court." Kan. Stat. Ann. § 60-204. See also Burnham, 403 F.3d at 716; Pedi Bares, Inc. v. P & C Food Mkts., Inc., 567 F.2d 933, 936 (10th Cir. 1977). In Brisco v. Getto, 204 Kan. 254, 256-257, 462 P.2d 127,129 (1969), the Kansas Supreme Court, interpreting "substantial compliance," held that "before there can be a valid personal service of process there must be a substantial compliance with some method of process provided in K.S.A. 60-301 et seq. It is only after substantial compliance that irregularities and omissions are cured by awareness of a pending proceeding. K.S.A. 60-204." The Kansas Supreme Court noted as follows:

> [A]s we read the statute it seems clear that new methods of service were not anticipated. There must first be substantial compliance with some statutory method of service. Irregularities or omissions will then be ignored if the court finds that the party to be served was made aware that an action or proceeding was pending.

Id. at 257.

Here, plaintiff served Harvey, a human resource specialist. Serving a human resource specialist

6

cannot be considered substantial compliance with the statute requiring service upon a manager or person in charge. Plaintiff argues that she substantially complied since the summons and complaint did reach McDonald who was a manager at that time. In Kansas Board of Regents v. Skinner, the Kansas Supreme Court held that "actual knowledge of the pendency and the nature of an action . . . is not a substitute for service. Notice or knowledge must come from process of service, or there must be a valid waiver." 267 Kan. 808, 812, 987 P.2d 1096, 1099 (1999). Substantial compliance means compliance in respect to the essential matters necessary to assure every reasonable objective of the statute. Myers v. Bd. of County Comm'rs of Jackson County, 280 Kan. 869, 874, 127 P.3d 319, 323 (2006). In Myers, a former employee who served his claim on the county counselor did not substantially comply with the state statute which requires service on the county clerk or the Board of County Commissioners. The Kansas Supreme Court held that Myers did not substantially comply with the statute, even if the Board had actual notice of his claim and had investigated and denied it.

Plaintiff relies heavily on Baier v. Metcalf Nissan, Inc., 1988 U.S. Dist. LEXIS 5115 (D. Kan. May 11, 1988), where the Court held that plaintiff had substantially complied with the Kansas statute when serving defendant. The facts in Baier are distinguishable from this case. In Baier, the summons and complaint were delivered to the person who came forward when the process-server asked to speak with the person in charge. Id. at *1. The process-server acted reasonably in serving the summons, and the Court held that such service substantially complied with Kansas law. Id. Plaintiff argues that because Baier cited Kuhlik v. Atlantic Corp., 112 F.R.D. 146 (S.D.N.Y. 1986), Kansas courts have adopted New York's liberal interpretation of the statute regarding service. In Kuhlik, the district court in New York held that plaintiff had substantially complied with statutory requirements for service of process where the

process-server served defendant's receptionist at defendant's place of business. The receptionist told the process-server that the "person in charge" was unavailable, but that she could accept the service. 112 F.R.D. at 148. The court held that the corporate defendant could not complain that the summons and complaint were delivered to the wrong person when the process-server has gone to its offices, made proper inquiry of defendant's own employees, and delivered the summons according to their directions. Id.

In Sellens v. Tel. Credit Union, 189 F.R.D. 461, 463 (D. Kan. 1999), Judge Marten held that plaintiff had substantially complied with the requirements for service of process by leaving a copy of the summons and complaint with a secretary whose office was located at the entrance of defendant's building. In Sellens, again, a process-server served defendant's secretary after asking her who to serve and the secretary indicated she could receive service for defendant. In Richardson v. Alliance Tire & Rubber Co., 158 F.R.D. 475, 482 (D. Kan. 1994), the Court held that service of process was in substantial compliance with the statute where the process-server left the summons and complaint with defendant's corporate secretary, who was the only person in the office at defendant's business address at that time. In the above cases, the courts found substantial compliance where plaintiff's process-server served the wrong person after inquiring from defendant who was the authorized person to receive service, and the improper service resulted directly from defendant's action.

Here, plaintiff directed the process-server to serve Harvey, who was not an officer, managing agent or person in charge, and defendant never represented that Harvey was in charge. By serving Harvey, plaintiff did not substantially comply with the statutory requirements for service of process.

**III.	Estoppel**

Plaintiff argues that defendant is estopped from claiming that Harvey could not receive service because she relied on the information provided by Carmen. In Kansas, equitable estoppel "exists when a party by its acts, representations, admissions, or silence induced another party to believe certain facts existed upon which it detrimentally relied and acted." Huebner v. Rosen, 81 F.Appx. 276, 279 (10th Cir. 2003) citing Turon State Bank v. Bozarth, 235 Kan. 786, 684 P.2d 419, 422 (Kan. 1984).

Here, the record suggests that someone named Carmen may have induced plaintiff to believe that anybody in defendant's human resources department could accept service of process. The question is whether plaintiff should have reasonably relied on the information provided by Carmen. On this record, Carmen's precise identity and employment – whether for Menlo Worldwide Expedite!, UPS Supply Chain Solutions, Inc., or another subsidiary of the UPS – cannot be determined. Defendant argues that plaintiff plainly did not call its headquarters, because they are located in Alpharetta, Georgia, and plaintiff testified that she called defendant's main office in Atlanta. Defendant also testified that many of its subsidiaries have headquarters in Atlanta. At the time plaintiff served Harvey, defendant had a registered agent and the correct information was accessible to the public on the Kansas Secretary of State's website. On this record, the Court cannot find that plaintiff reasonably relied on information which Carmen allegedly provided, or that defendant should be estopped from arguing improper service of process.

The preferred disposition of any case is upon its merits and not by default judgment. Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970). Because defendant did not receive proper service of process, this Court lacked personal jurisdiction over defendant when it entered the default judgment.

Accordingly, the default judgment is void and defendant is entitled to relief under Fed. R. Civ. P. 60(b)(4).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Relief From Judgment</u> (Doc. #16) filed April 27, 2006 be and hereby is **SUSTAINED**.

Dated this 17th day of July, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge